*United States v. Van Der End*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.

PRESENT:   Amalya L. Kearse,
            Rosemary S. Pooler,
            Steven J. Menashi,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

　　　*Appellee,*

　　v.                                                    No. 21-2079-cr

STEFAN VAN DER END, aka STEFAN VAN DAM EASEL,

　　　*Defendant-Appellant,*

RICHARD DOW, GER PLAGIO SUAREZ,

　　　*Defendants.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee:*

Amanda Houle, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant:*

Stefan Van Der End, *pro se*, White Deer, PA.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered by the district court is **AFFIRMED**.

Appellant Stefan Van Der End, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) compassionate release motion. The district court ruled that, even if Van Der End had established extraordinary and compelling reasons justifying release, the sentencing factors in 18 U.S.C. § 3553(a) weighed against reducing his sentence. Van Der End is currently serving his 300-month sentence for cocaine trafficking. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A)—the "compassionate release" provision—if (1) the inmate has exhausted administrative remedies, (2) the § 3553(a) sentencing factors favor a sentence reduction, and (3) the inmate's circumstances are extraordinary and compelling "such that, in light of these § 3553(a) factors, a sentence reduction is justified … and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We have emphasized that "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). We review the denial of such a motion for abuse of

discretion and will affirm unless the district court's ruling was based on a legal or factual error or cannot otherwise "be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

The district court denied Van Der End compassionate release on the basis of the § 3553(a) sentencing factors. "[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 69. In its analysis, the district court emphasized the seriousness of the offense, the significant quantity of drugs Van Der End personally transported, and his prior conviction in Europe for a nearly identical offense for which he was sentenced to 10 years' imprisonment.

The district court acted within the bounds of its discretion, and Van Der End's arguments to the contrary are unavailing. First, he claims that the district court failed properly to consider his supplemental brief, in which he argued that the conditions of his confinement—both prior to his conviction and after his conviction—constituted extraordinary and compelling reasons justifying his release. Second, he argues that the district court overlooked a sentencing disparity between his sentence and that of a co-defendant. We disagree and therefore affirm.

The contention that the district court failed to consider Van Der End's supplemental brief is meritless. The district court found the brief's primary argument unpersuasive, determining that the conditions of Van Der End's confinement both on the ship and while incarcerated did not affect the district court's "conclusion that a sentence of 25 years is appropriate given the staggering amount of drugs involved and the potential harm that those drugs represent." *United States v. Van Der End*, No. 16-CR-453, 2021 WL 3374531, at *3 (S.D.N.Y. Aug. 3, 2021) (internal quotation marks omitted). Furthermore, "[w]e have time and time again made it clear that we do not insist that the district court address every argument the defendant has made." *United States v. Bonilla*, 618 F.3d 102, 112 (2d

3

Cir. 2010). We accordingly find Van Der End's argument regarding inadequate consideration of his supplemental brief unpersuasive.

Moreover, while "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a factor courts must consider under § 3553(a)(6), "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted). We have held that § 3553(a)(6) concerns "nationwide sentencing disparities" and does not require a district court to address disparities among codefendants. *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Even so, the district court noted that the apparent disparity here was justified based on the characteristics of the defendants and their differing criminal histories. That Van Der End received a higher sentence than one of his co-defendants neither compels granting his compassionate release motion nor justifies disturbing the district court's decision on his motion.

\* \* \*

We have considered Van Der End's remaining arguments, which we conclude are without merit. We AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court